IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN J. McMASTERS            )
                             ) No. 17-119
                             )
    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

# OPINION AND ORDER

## SYNOPSIS

Plaintiff filed an application for social security disability benefits and supplemental security income benefits, alleging disability as of 2013 due to mental and physical impairments, including degenerative conditions in his knee and back. Plaintiff's application was denied initially, and then denied following a hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. The parties' Cross-Motions for Summary Judgment are now before the Court. For the following reasons, Plaintiff's Motion will be granted and Defendant's denied, and this matter remanded for further proceedings.

## OPINION

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

II. THE PARTIES' MOTIONS

Plaintiff argues that the ALJ erred by failing to either include in the residual functional capacity ("RFC"), or to explain his rejection of, the consultative examiner's "sit/stand/walk"

2

opinion, and in failing to consider Plaintiff's stellar work history in her credibility assessment. Each of these challenges will be addressed in turn.

**A. Dr. Rosenberg**

Rather than checking the box provided for one hour of each of sitting, standing, or walking at one time, consulting examiner Dr. Rosenberg wrote in the notation "30" next to each activity. He further noted that Plaintiff could do each such activity for a total of four hours in an eight-hour workday. In her discussion, the ALJ stated that she afforded "significant weight" to Dr. Rosenberg's opinion, as based on clinical examination and supported by the longitudinal objective findings of Plaintiff's three treating physicians. She further stated that in comparison to the agency non-examining consultant, "Dr. Rosenberg's opinions are more consistent with the totality of medical evidence in this case, including the claimant's limited treatment and few objective findings of record."

The ALJ arrived at an RFC providing that Plaintiff could perform medium work, with the following pertinent limitations: "After standing/walking for one hour, he must sit for one to five minutes and, after sitting for one hour, must stand and stretch for one to five minutes." She wrote "[h]owever, the undersigned has further limited the claimant to occupations that afford a sit/stand option and require only occasional postural maneuvers in an effort to accommodate any reasonable limitation stemming from his severe impairments." In explaining that such a limitation "more than adequately accommodate[es]" Plaintiff's knee and lumbar condition, the ALJ included Dr. Rosenberg's opinion in a string of factors – such as limited and conservative treatment – that she viewed as undermining Plaintiff's allegations regarding the severity and limiting nature of his leg and back pain.[1]

---

[1] The ALJ also wrote, "Notably, Dr. Rosenberg opined that the claimant was capable of performing a range of medium work." Medium work is defined as follows: "Medium work involves lifting no more than 50 pounds at a

3

"[N]o rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight." Wilkinson v. Commisioner of Soc. Sec., 558 F. App'x 254, 256 (3d Cir. 2014). However, "[t]he ALJ may not reject a physician's findings unless she first weighs the findings against other relevant evidence and explains why certain evidence has been accepted and other evidence rejected." Scandone v. Astrue, No. 05-4833, 2011 U.S. Dist. LEXIS 93107, at *21 (E.D. Pa. Aug. 18, 2011). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Frazier v. Colvin, No. 13-3742, 2015 U.S. Dist. LEXIS 96033, at *22 (E.D. Pa. June 30, 2015) (quoting SSR Ruling 96-8p). This is particularly so when the rejected evidence "suggests a contrary disposition." Bonani v. Astrue, No. 10-0329, 2010 U.S. Dist. LEXIS 137871, at *15 (W.D. Pa. Oct. 15, 2010). Further, an RFC must be based on medical evidence; "rarely can a decision be made regarding a claimant's residual functional capacity without an assessment from a physician regarding the functional abilities of the claimant." Gormont v. Astrue, No. 11-02145, 2013 U.S. Dist. LEXIS 31765, at *7 (M.D. Pa. Mar. 4, 2013).

Plaintiff points out that the vocational expert ("VE") was asked by counsel to consider, otherwise within reference to the hypothetical posed by the ALJ, that "the standing and walking total was four hours, and the sitting total was four hours at 30 minutes each." The VE opined that such an individual would be precluded from all medium exertional level occupations. Plaintiff asserts that this would entitle Plaintiff to a finding of disabled. Defendant does not dispute Plaintiff's assertions that this issue is outcome-determinative, or that the ALJ did not specifically explain why she rejected this aspect of Dr. Rosenberg's opinion; instead, Defendant relies on the

---

time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 CFR § 404.1567 (c). Dr. Rosenberg opined that Plaintiff could occasionally lift 21-50 pounds, and only occasionally carry 21-50 pounds.

4

principles that the RFC is an administrative decision, and that the ALJ is not required to adopt all of a treating provider's opinions. Defendant also points to the ALJ''s overall assessment of the record as a whole as adequate to respond to Plaintiff's assignments of error.

Unfortunately, however, the ALJ did not refer to Dr. Rosenberg's sit/stand/walk opinion, point to evidence to contradict either the thirty-minute or four-hour limitation, adequately explain the RFC's one-hour sit/stand/walk limitation, or explain why that portion of Dr. Rosenberg's opinion was rejected. Indeed, the context of the decision makes it unclear whether the ALJ accounted for Dr. Rosenberg's sit/stand/walk opinion; the nature of the ALJ's references to Dr. Rosenberg almost leave the impression that the information might have been inadvertently omitted or misapprehended. "'In the absence of ... an indication [of the reasons for discounting evidence], the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" Burnett v. Commisioner of Soc. Sec., 220 F.3d 112, 121-22 (3d Cir. 2000) (quoting Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)). Remand is warranted on this basis.

**B. Credibility**

Next, I address Plaintiff's challenge to the ALJ's credibility assessment, based on her failure to consider his work history. An ALJ's credibility assessment is entitled to deference "because [the ALJ] has the opportunity at a hearing to assess a witness's demeanor." Coleman v. Commosioner of Soc. Sec., 494 F. App'x 252, 254 (3d Cir. 2012). Further, work history alone is not dispositive of credibility. Thompson v. Astrue, No. 09-519, 2010 U.S. Dist. LEXIS 98112, at *11 (W.D. Pa. Sep. 20, 2010). An ALJ, in any event, must adequately explain why a claimant's testimony regarding the intensity, persistence, and limiting effects of symptoms are not deemed credible. Zenka v. Astrue, 904 F. Supp. 2d 884, 895 (N.D. Ill. 2012). In this case, the ALJ adequately explained her credibility assessment, by referring to multiple aspects of the

record. She clearly was aware of and referred to his history of performing medium and heavy exertion work. I find no error in that regard.

## CONCLUSION

In conclusion, this matter will be remanded for further consideration or explanation of Dr. Rosenberg's opinion regarding Plaintiff's limitations on sitting, standing, and walking, and the related sitting, standing, and walking elements of the RFC. An appropriate Order follows.

Dated: 2/15/18  BY THE COURT:

_Donetta W. Ambrose_

Donetta W. Ambrose

Senior Judge, U.S. District Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN J. MCMASTERS )
) No. 17-119
)
    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

## ORDER

AND NOW, this 15th day of February, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

                BY THE COURT:

                */s/ Donetta W. Ambrose*

                Donetta W. Ambrose

                Senior Judge, U.S. District Court